IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JAIMEY DALE EICHELBEGER,        ) | |
|       Petitioner,                                    ) | |
|                                                              ) | |
| v.                                                            ) | |
|                                                              ) | Civil No. 7:08-CV-194-O |
| NATHANIEL QUARTERMAN, Director,  ) | |
| Texas Department of Criminal Justice,       ) | |
| Correctional Institutions Division,              ) | |
|       Respondent.                                ) | |

MEMORANDUM OPINION AND
ORDER DISMISSING CASE

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. On February 7, 2006, Petitioner was convicted in the 78th District Court of Wichita County, Texas for the offense of manufacture of methamphetamine, a controlled substance. *Petition ¶¶ 1-4.* He was sentenced to 55 years in prison. *Id. at ¶ 3.* On May 31, 2007, Eichelbeger's conviction was affirmed on direct appeal and, on November 20, 2007, his petition for discretionary review was refused. *Id. at ¶ 9.* He filed one state application for habeas relief without success. *Id. at ¶ 11.* Petitioner now seeks federal habeas relief on the following ground:

> During the sentencing phase, the trial court refused to allow the two co-conspirators to testify as to the fact that they both received probation in this same case. The applicant contends that, had the jury heard this testimony, they would have been less inclined to issue such a harsh sentence thereby sentencing him to a less severe punishment.

*See Petition ¶ 20-A.*

To the extent that Petitioner seeks relief due to alleged error on the part of the trial court in refusing to allow the testimony of his co-defendants regarding their probated sentences, he cannot

prevail. Errors of state law, including evidentiary errors, are not cognizable in habeas proceedings as such. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state court's evidentiary ruling presents a cognizable habeas claim only where it runs afoul of a specific constitutional right or it renders the trial fundamentally unfair. *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993) (citing *Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir. 1985)). Fundamental unfairness may occur where certain testimony, erroneously admitted, plays a crucial, critical and highly significant role in the trial. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992).

In the instant case, Petitioner simply speculates that the jury would have imposed a lighter sentence had it known about his co-defendants' sentences. It is well settled that a criminal defendant may not challenge his sentence based solely upon a claim that a co-defendant received a lesser sentence. *See United States v. McKinney*, 53 F.3d 664, 678 (5th Cir. 1995); *United States v. Pierce*, 893 F.2d 669, 678 (5th Cir. 1990). There is no constitutional requirement that a court consider co-defendants' sentences when imposing sentence upon a criminal defendant and such a defendant "cannot rely upon his co-defendants' sentences as a yard-stick for his own." *United States v. Castillo-Roman*, 774 F.2d 1280, 1283-84 (5th Cir. 1985) (citing *United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985) and *United States v. Hayes*, 589 F.2d 811, 827 (5th Cir. 1979)). A claim of disparity in sentencing, without more, is not a cognizable ground for habeas relief. *See Russell v. Collins*, 998 F.2d 1287, 1294 (5th Cir. 1993).

Moreover, complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution.

*Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)).  A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding.  *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Eichelbeger has failed to meet these standards.  He has not shown that his co-defendants' testimony would have been favorable (i.e. - relevant to his sentence) or that the co-defendants would have actually testified.  All Petitioner has provided is speculation that his co-defendants' testimony would have resulted in a lesser sentence.  Speculation such as this is insufficient to raise a constitutional issue in a habeas corpus proceeding.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Eichelbeger has not shown that the trial court's refusal to allow the testimony of his co-defendants ran afoul of any constitutional right or that it rendered his sentencing fundamentally unfair.  "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

A copy of this Order shall be transmitted to Petitioner.

SO ORDERED this 8th day of May, 2009.

*[signature]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**